1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9        **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   STEPHEN GARCIA,                          Civil No.    12cv0942 LAB (MDD)
12                          Plaintiff,         **(1)  GRANTING MOTION TO**
13                                             **PROCEED** *IN FORMA PAUPERIS***;**
                                               **and**
14                 vs.
                                               **(2)  DISMISSING ACTION**
15                                             **WITHOUT PREJUDICE FOR**
                                               **FAILING TO STATE A**
16                                             **CLAIM PURSUANT TO**
17   GEORGE BAILEY CORRECTIONAL               **28 U.S.C. § 1915(e)(2)(b)**
     INSTITUTION; SAN DIEGO COUNTY
18   SHERIFF'S DEPARTMENT; PUBLIC
     DEFENDER'S OFFICE,
19
                          Defendants.
20
21
22

23        Stephen Garcia ("Plaintiff"), a former inmate currently residing in Los Angeles,

24   California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C.

25   § 1983.  In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant

26   to 28 U.S.C. § 1915(a) [ECF No. 1].

27   / / /

28   / / /

**I.     Motion to Proceed IFP [ECF No. 1]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Here, The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1) and S.D. CAL. CIVLR 3.2.  Based upon this financial information, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

**II.     Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)**

A complaint filed by any person proceeding in forma pauperis is subject to sua sponte dismissal to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").  However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the Court may not "supply essential elements of the claim that were not initially pled."  *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect."  *Lopez*, 203 F.3d at 1130-31.

1    Here, Plaintiff brings this action under "breach of contract" and "discrimination."

2    (Compl. at 1.)  The Court construes Plaintiff's Complaint as being brought pursuant to 42 U.S.C.

3    § 1983, along with attempting to state a claim under California state law.   Section 1983 imposes

4    two essential proof requirements upon a claimant:  (1) that a person acting under color of state

5    law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right,

6    privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C.

7    § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v.*

8    *Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985)

9    (en banc).

10    As an initial matter, Plaintiff alleges the Deputy Public Defender appointed to represent

11    him during his criminal proceedings was ineffective.  (*See* Compl. at 3-4.)  However, a person

12    "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed

13    by virtue of state law and made possible only because the wrongdoer is clothed with the

14    authority of state law.'"  *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United*

15    *States v. Classic*, 313 U.S. 299, 326 (1941)).   Attorneys appointed to represent a criminal

16    defendant during trial, do not generally act under color of state law because representing a client

17    "is essentially a private function ... for which state office and authority are not needed."  *Polk*

18    *County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992).

19    Thus, when publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients,

20    investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not

21    act under color of state law for section 1983 purposes.  *See Georgia v. McCollum*, 505 U.S. 42,

22    53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th

23    Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under

24    § 1983 because, so long as he performs a traditional role of an attorney for a client, "his

25    function," no matter how ineffective, is "to represent his client, not the interests of the state or

26    county.").

27    / / /

28    / / /

1    Accordingly, Plaintiff's claims against the Deputy Public Defender appointed to represent

2    him in his criminal proceedings  must be dismissed for failing to state a claim upon which

3    section 1983 relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

4    Moreover, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on the

5    alleged ineffectiveness assistance of his trial counsel, his claim amounts to an attack on the

6    validity of his underlying criminal proceedings, and as such, is not cognizable under 42 U.S.C.

7    § 1983 unless and until he can show that conviction has already been invalidated.  *Heck v.*

8    *Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir.

9    2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state

10   remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489), *cert. denied*,

11   124 S. Ct. 2388 (2004).    *Heck*   holds that "in order to recover damages for allegedly

12   unconstitutional conviction or imprisonment, or for other harm caused by actions whose

13   unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove

14   that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

15   declared invalid by a state tribunal authorized to make such determination, or called into

16   question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

17   A claim challenging the legality of a conviction or sentence that has not been so invalidated is

18   not cognizable under § 1983.  *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

19   In *Heck*, the Supreme Court held that:

20          when a state prisoner seeks damages in a section 1983 suit, the
            district court must consider *whether a judgment in favor of the*
21          *plaintiff would necessarily imply the invalidity of his conviction or*
            *sentence*; if it would, the complaint must be dismissed unless the
22          plaintiff can demonstrate that the conviction or sentence has already
            been invalidated.  But if the district court determines that the
23          plaintiff's action, even if successful, will not demonstrate the
            invalidity of any outstanding criminal judgment against the plaintiff,
24          the action should be allowed to proceed.

25   *Heck*, 512 U.S. at 487 (emphasis added).  An action that is barred by *Heck* should be dismissed

26   for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds

27   in invalidating his conviction.  *Edwards*, 520 U.S. at 649.

28   / / /

Here, Plaintiff's ineffective assistance of counsel claims "necessarily imply the invalidity" of his criminal proceedings. *Heck*, 512 U.S. at 487. Were Plaintiff to succeed in showing that the Deputy Public Defender appointed to represent him rendered ineffective assistance of counsel, an award of damages would "necessarily imply the invalidity" of his conviction. *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different); *Lozada v. Deeds*, 964 F.2d 956, 958-59 (9th Cir. 1992) (remedy for ineffective assistance of counsel is a conditional writ granting petitioner's release unless state retries him or allows him to pursue an appeal with the assistance of counsel within a reasonable time). Thus, because Plaintiff seeks damages for an allegedly unconstitutional criminal proceedings in a criminal case, and because he has not alleged that his conviction has already been invalidated, a section 1983 claim for damages has not yet accrued. *See Heck*, 512 U.S. at 489-90.

Plaintiff also names the Public Defender's Office and George Bailey Correctional Institution as Defendants in this matter. An agency or department of a municipal entity is not a proper defendant under § 1983. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996). Rather, the county or city itself is the proper defendant. *See Id.* "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). A municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where the constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 1388 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

To establish municipal liability, plaintiff must show: (1) he was deprived of a constitutional right; (2) the city had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the

constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. at 1388; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Thus, in order to state a § 1983 claim against the City or County of San Diego, Plaintiff must allege facts showing that his injury was caused by individual officers whose conduct conformed to an official city policy, custom or practice. *See Karim-Panahi*, 839 F.2d at 624.

Therefore, the Court finds that Plaintiff has not stated a § 1983 claim against the City or County of San Diego because he has failed to allege that any individual police officer's conduct conformed to an official city policy, custom or practice.

Plaintiff also seeks to bring claims pursuant to California state law against the named Defendants. (*See* Compl. at 1.)  However, because Plaintiff cannot identity a violation of a federal law, the Court exercises its discretion to dismiss Plaintiff's pendent state law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.");  *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary.")

For all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III.   CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1.   Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 1] is **GRANTED**.

/ / /

/ / /

1    **IT IS FURTHER ORDERED** that:

2        2.        The Clerk of Court is directed to file the "lodged" Complaint.   However,

3    Plaintiff's Complaint is also **DISMISSED** without prejudice pursuant to 28 U.S.C.

4    § 1915(e)(2)(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this

5    Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of

6    pleading noted above.   Plaintiff's Amended Complaint must be complete in itself without

7    reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and

8    all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See*

9    *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

10

11   DATED:  June 1, 2012

12

13                                    **HONORABLE LARRY ALAN BURNS**
                                     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28